(21 App. Div. 154.)

### FAHY v. JOHNSTONE et al.

(Supreme Court, Appellate Division, Second Department. October 12, 1897.)

VILLAGE TRUSTEE—INJUNCTION—EXERCISE OF OFFICE.

> The statute (Code Civ. Proc. § 1925) authorizing an action to prevent waste or injury to the property of a county, town, city, or incorporated village, does not cover an action to enjoin a trustee of a village from acting as such on the ground that he is ineligible under a provision of the village charter providing that each person elected to represent a ward shall, at the time of his election, and thereafter during the term of office, be a resident of that ward.

Appeal from special term.

Action by James T. Fahy against Louis M. Johnstone and others, trustees of the village of Edgewater, and Joseph Curren. From an order vacating an injunction, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

W. A. Shortt, for appellant.

Wm. M. Mullen, for respondents.

GOODRICH, P. J.　The defendant Curren was elected trustee of the Fourth ward of the village of Edgewater in June, 1896. The plaintiff contends that he did not reside in the ward at the time of the election, or, if he then did reside in that ward, that he afterwards ceased to reside there. The charter of the village (chapter 674, Laws 1870, as amended, and now in force) provides that:

"Each person elected or appointed to be a trustee to represent any ward shall, at the time of his election or appointment, and thereafter during the term of office he has been chosen to fill, also be a resident of the ward which he was elected or appointed to represent; and when any officer of said village shall cease to be such resident, legal voter or freeholder in said village, or shall accept or hold the office of supervisor in the towns aforesaid, and in the case of a trustee representing any ward, when such trustee shall cease to reside in the ward in which he resided at the time of his election or appointment and which he was elected or appointed to represent, his office shall become vacant and shall be so declared by the board of trustees, which shall fill the vacancy at its next regular meeting after such vacancy shall have occurred."

This action is brought by the plaintiff under the provision of the Code of Civil Procedure (section 1925), which authorizes an action to prevent waste of or injury to the estate, funds, or other property of a county, town, city, or incorporated village of the state. The defendants contend that the proper remedy to test the right of the defendant Curren is an action in the nature of quo warranto, to be brought by the attorney general. It is not necessary to decide whether or not the latter is the proper remedy, the only question with which we are interested relating to the propriety of the present action; and we are of the opinion that the action is not within the purview of the section cited. We cannot see that the statement of the complaint that there is danger of great injury to the property of the village unless the defendant Curren is enjoined from acting as trustee is well founded in any facts alleged; nor is it shown that there is any necessity of an injunction to prevent a waste within the provisions of the section of the Code already referred to.

The injunction was properly denied upon another ground. The allegation of the complaint that the defendant Curren did not reside within the ward for which he was elected, or had ceased to be a resident therein, is denied in the answer and in the affidavits which were submitted by the defendant upon the motion for the injunction, and we see no such conditions of the evidence as demand our review of the decision of the court at special term on this question of fact.

The order appealed from is affirmed. All concur.